**Dismissed and Memorandum Opinion filed November 5, 2024**



In The

# 𝕱𝐨𝐮𝐫𝐭𝐞𝐞𝐧𝐭𝐡 𝐂𝐨𝐮𝐫𝐭 𝐨𝐟 𝐀𝐩𝐩𝐞𝐚𝐥𝐬

## NO. 14-24-00578-CV

**ANGEL TRUONG, Appellant**

**V.**

**SHANDON PHAN, Appellee**

**On Appeal from the 505th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 20-DCV-273253**

## MEMORANDUM OPINION

This is an attempted appeal from an order for the return of children signed August 5, 2024. *See* Tex. Fam. Code Ann. § 157.372. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53

S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

A trial court's order granting or denying a writ of habeas corpus in a child custody case is not appealable if the Family Code does not provide for an appeal. *Maadani v. Ward*, 611 S.W.3d 460, 461 (Tex. App.—Houston [14th Dist.] 2020, no pet.). The Family Code does not provide for an appeal in such a habeas proceeding, and the only available appellate remedy is a petition for writ of mandamus. *Id*.

On October 23, 2024, this court transmitted notification to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal within 10 days. *See* Tex. R. App. P. 42.3(a). Appellant's response fails to demonstrate that this court has jurisdiction over the appeal.[1]

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.

---

[1] In her response, appellant states that the trial court has set an entry for the final decree of divorce. Appellant may file a new notice of appeal from that final judgment when it is signed.